UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brown Y. Massaquoi

    v.                                                 Civil No. 18-cv-00296-LM
                                                          Opinion No. 2019 DNH 209

Genesis HealthCare, LLC, et al.

**O R D E R**

Plaintiff Brown Massaquoi brings this employment discrimination suit against his former employers, 20 Maitland Street Operations LLC d/b/a Harris Hill Center ("Harris Hill") and Genesis HealthCare, LLC ("Genesis") (collectively "defendants"). Defendants move for summary judgment on all Massaquoi's claims. Doc. no. 26. Massaquoi objects. On December 6, 2019, the court heard oral argument on defendants' motion. After hearing the parties' arguments, the court ruled on nearly all the issues presented by the motion from the bench. This order provides a summary of the court's oral rulings on each of Massaquoi's claims as well as rulings on the claims that the court did not rule on at the hearing.

I.  Count I(A): Discrimination on the basis of race, color, and national origin in violation of Title VII

In count I(A),[1] Massaquoi alleges that defendants discriminated against him on the basis of his race, color, and national origin in violation of Title VII, 42 U.S.C. § 2000e, et seq.  For the reasons stated on the record, defendants' motion for summary judgment is denied as to the race discrimination claim and granted as to the claims of national origin and color discrimination.[2]

II. Count I(B): Discrimination on the basis of race, color, and national origin in violation of state law

Similarly, count I(B) alleges that defendants discriminated against Massaquoi on the basis of his race, color, and national origin in violation of New Hampshire Revised Statutes Annotated § ("RSA") 354-A:7.  As explained at the hearing, the court's analysis of the state-law discrimination claims is the same as those under Title VII.  Defendants' motion for summary judgment is denied with respect to the state-law claim of race

---

[1] Count I of the complaint alleges four legally distinct claims.  For clarity's sake, the court has denoted these four claims as I(A), I(B), I(C), and I(D).

[2] Based on Massaquoi's counsel's exchange with the court during the hearing, Massaquoi concedes that, in this case, the color theory of discrimination is duplicative of the race theory.  In counts I(A) and I(B), therefore, the sole claim remaining for trial is a race discrimination theory.

discrimination and granted with respect to the state-law claims of national origin and color discrimination.

III. Count I(C): Retaliation in violation of Title VII

In count I(C), Massaquoi alleges that defendants retaliated against him after he filed a charge of discrimination against them with the New Hampshire Commission for Human Rights ("NHCHR").  He alleges two theories of retaliation: (i) defendants retaliated against him by failing to reinstate him to his position at Harris Hill; and (ii) defendants retaliated against him by terminating him from his subsequent position at Laconia Rehabilitation Center ("Laconia Center").  As explained at the hearing, the court grants summary judgment to defendants on the first theory of retaliation liability.  As to Massaquoi's second theory of liability, the court deferred ruling at the hearing and now denies summary judgment.

To establish a prima facie case of retaliation in violation of Title VII, a plaintiff must show that: "(i) she undertook protected conduct, (ii) she suffered an adverse employment action, and (iii) the two were causally linked."  Bonilla-Ramirez v. MVM, Inc., 904 F.3d 88, 95 (1st Cir. 2018) (internal quotation marks omitted).  If plaintiff sets out a prima facie case of retaliation, the burden shifts to the employer "to

3

articulate a legitimate, non-discriminatory reason for the challenged actions."  Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 219 (1st Cir. 2016) (internal quotation marks omitted).  If the employer meets its burden of production, the burden shifts back to plaintiff to show "that the employer's reason for the adverse action was pretextual."  Id.  (internal quotation marks omitted).

With respect to the prima facie case, defendants challenge only causation.  A plaintiff pursuing a retaliation claim must prove traditional but-for causation with "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).

The sequence of events here suggests causation.  Massaquoi engaged in the protected activity of filing a charge of discrimination with the NHCHR on August 26, 2015.  Doc. no. 27-18.  Defendants contend, and Massaquoi does not dispute, that they learned of the charge in or about October 2015.  Almost a year later, on August 29, 2016, defendants received a request for information from the NHCHR in the course of its investigation into Massaquoi's discrimination charge.  Shortly thereafter, on September 6, 2016, Laconia Center—an entity affiliated with Harris Hill—hired Massaquoi.  Defendants then

learned that Massaquoi had been hired at Laconia Center while gathering documents and other information to respond to the NHCHR's request for information.

On September 19, 2016, defendants sent a letter to the NHCHR informing it that Massaquoi had been "mistakenly" hired at Laconia Center and that, based on the reason for his prior termination, defendants would be terminating his employment there. Doc. no. 27-14. The very next day, Massaquoi was terminated from Laconia Center. See doc. no. 27-19 at 4. Thus, Massaquoi's termination from Laconia Center occurred very close in time to defendants' participation in the NHCHR's investigation into Massaquoi's charge of discrimination. See Soni v. Wespiser, ___ F. Supp. 3d ___, 2019 WL 3891515, at *5 (D. Mass. Aug. 19, 2019) ("Temporal proximity can create an inference of causation."). Viewing these facts in the light most favorable to Massaquoi, they provide sufficient evidence of causation. See Amos v. McNairy Cty., 622 F. App'x 529, 538 (6th Cir. 2015) (finding sufficient evidence of causation to survive summary judgment when plaintiff was terminated seventeen days after Equal Employment Opportunity Commission's onsite investigation into plaintiff's discrimination charge).

Defendants have met their burden of production to articulate a legitimate non-discriminatory reason for the

termination.  Defendants assert that after Massaquoi's prior termination from Harris Hill, he was deemed ineligible for rehire by any other affiliated entity.  They claim that Massaquoi was mistakenly hired at Laconia Center due to an oversight of his ineligibility for rehire.  Once they learned of the mistake, they terminated him.  The burden therefore shifts back to Massaquoi to show pretext.

Massaquoi's termination from Laconia Center was based on essentially the same alleged non-discriminatory reason as his initial termination from Harris Hill—a substantiated incident of resident abuse.  For that reason, the court relies on the same evidence of pretext in support of the retaliation claim as it discussed at the hearing in support of the discrimination claims.  And there is additional evidence of pretext in support of the retaliation claim.  The record demonstrates that defendants stated two different reasons for Massaquoi's termination from Laconia Center: his ineligibility for rehire after his termination from Harris Hill (doc. no. 27-14); and his apparent falsification of records (doc. no. 27-19 at 4).  See Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000) ("[W]hen a company, at different times, gives different and arguably inconsistent explanations, a jury may infer that the articulated reasons are pretextual.").  Although

perhaps thin, when viewed in the light most favorable to Massaquoi, the court finds sufficient evidence to allow the retaliation claim based on Massaquoi's termination from Laconia Center to reach the jury.

IV. Count I(D): Retaliation in violation of state law

Count I(D) alleges that defendants retaliated against Massaquoi in violation of RSA 354-A:19. As with the state-law discrimination claims, the court's analysis of the state-law retaliation claims is the same as the Title VII retaliation claims. Defendants' motion is granted with respect to the first theory of retaliation liability (failure to reinstate) and denied with respect to the second (termination from Laconia Center).

V. Count II: Defamation

Although the parties presented argument on this claim at the hearing, the court deferred ruling. Following the hearing, Massaquoi notified the court that he is withdrawing this claim. Accordingly, the defamation claim is no longer before the court and the motion for summary judgment on that claim is denied as moot.

VI. Summary

The court grants defendants' motion for summary judgment (doc. no. 26) in part and denies it in part. The court grants summary judgment to defendants on the federal and state claims of national origin and color discrimination and the first theory of liability on the federal and state retaliation claims. The motion for summary judgment is otherwise denied. The following claims survive summary judgment: counts I(A) and I(B) to the extent they assert race discrimination and counts I(C) and I(D) to the extent they assert retaliation claims based on Massaquoi's termination from Laconia Center.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 16, 2019

cc: Counsel of Record